UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE STREAM MEDIA CORP., <br><br> Plaintiff, <br><br> v. <br><br> ALPHONSO INC., <br><br> Defendant. | Case No. 17-cv-02107-RS |
| FREE STREAM MEDIA CORP. D/B/A SAMBA TV, <br><br> Plaintiff, <br><br> v. <br><br> ALPHONSO INC., <br><br> Defendant. | Case No. 17-cv-02108-RS <br><br> **ORDER RE PENDING MOTIONS** |

1. After these two cases were transferred to this District, the then-assigned magistrate judge presiding over the lower-numbered action entered an order deeming them related and providing that the lower numbered matter would be "the primary case going forward." While the effect of that order would appear indistinguishable from that of a consolidation order, plaintiff

now seeks formal consolidation under Rule 42(a) of Federal Rules of Civil Procedure.[1] That motion is unopposed and will be granted, even if not strictly necessary. For convenience, henceforth any documents filed in Case No. 17-cv-02107-RS will automatically be deemed to have been also been filed in Case No. 17-cv-02108-RS, and the higher-numbered case will be administratively closed.

2. Good cause appearing, the unopposed motion for leave to amend is granted, without prejudice to any arguments any defendant may seek to present by motion to dismiss. In view of the consolidation and for clarity, plaintiff should prepare and file a single complaint, rather than proceeding with two complaints under the 17-cv-02107 case number, or with a separate complaint under each case number.

3. As reflected in the recent order denying a motion to seal portions of the Case Management Statements filed in these actions, the designations of material to be filed under seal in this proceeding has been grossly overbroad. The sealing motion submitted in connection with the motion for leave to amend involves largely the same material as was at issue in the case management statements. Additionally, no declaration was filed by the designating party to support the sealing motion. See Civil Local Rule 79-5(e)(1). Accordingly, the motion to seal (Dkt. No. 143) will be denied at this juncture. In the event a party contends any specific exhibits or portions thereof contain genuinely sensitive information that might qualify for sealing, the parties shall promptly meet and confer and submit a *narrowly tailored* proposed sealing order providing only for the "minimum redactions necessary to protect sealable information." Rule 79-5 Commentary.

Going forward, the parties shall exercise care and restraint in designating material as confidential under the protective order. In the event a party wishes to file material previously designated as confidential, the parties are strongly encouraged to meet and confer in advance, if

---

[1] Plaintiff's motion also invokes Civil Local Rule 3-12, which sets out the procedure for relating cases. As noted, that relief was previously granted.

practical, to determine which, if any, of the material the designating party continues to maintain must be filed under seal. Whenever a sealing motion is filed on the basis of designation by another party, the designating party shall promptly review the material and withdraw any designations that do not appear warranted, and comply with its obligation under Rule 79-5(e)(1) with respect to any other of the material.

**IT IS SO ORDERED**.

Dated: July 5, 2017

_____
RICHARD SEEBORG
United States District Judge